GERTRUDE JOSEPHY, CHARLES A. BRODEK and EDWARD
JOSEPHY, as Executors and Trustees under the Last
Will and Testament of HUGO JOSEPHY, Deceased,
DAVID SPERO and JOSEPH FRIED, Plaintiffs, *v.*
SAMUEL L. GOLDEN, Defendant.

(Supreme Court, Kings Special Term for Motions, October, 1920.)

**Auctioneers — sale of real estate — rights of bidder.**

> A sale of land at auction is not governed by the strict rules
> applicable to formal contracts made after ample opportunity
> for investigation and inquiry.
>
> Where one bids in at auction, lands subject to unusual and
> unreasonable restrictions, he must be given both time and
> opportunity to ascertain the nature of the restrictions, even
> though before signing the memorandum of sale he was advised
> that there were restrictions as to buildings.
>
> *Sohns* v. *Beavis,* 200 N. Y. 268, followed.

ACTION to compel specific performance.

Erwin, Fried & Czaki (Frederick M. Czaki, of
counsel), for plaintiffs.

Koenig, Sittenfield & Aranow (Samuel S. Koenig,
of counsel), for defendant.

FABER, J. This action was brought to compel specific
performance of a contract for the purchase of real
estate at auction. On August 9, 1919, plaintiffs,
through Joseph P. Day, auctioneer, caused certain
lots, the subject matter of the contract involved here,
to be offered for sale on the premises at Lawrence,
L. I., at public auction to the highest bidder. The said
property was knocked down to the defendant, who was
the highest bidder, for a total sum of $28,730.75.
Thereupon and immediately following defendant

signed two certain memoranda purporting to be memoranda of sale and at the same time defendant gave his personal check for $2,973.08, being ten per cent of the purchase price, plus $100 auctioneer's fee. Defendant claims that he entered upon the sale after same was in progress; that he did not hear the terms of sale read at the beginning of the sale; that he was not aware of any restrictions on the property and that he bought same under the impression that the property was unrestricted; that he was so led to believe by representations made to him by the auctioneer before he, the defendant, began to bid; that after he signed the said memoranda he was asked to sign a copy of the printed terms of sale which contained in full the restrictions covering said property; that he then learned for the first time that the property was restricted, and he thereupon immediately refused to sign said terms of sale, and demanded either a sale to him of the property unrestricted or a rescission of the sale; that plaintiff insisted on sale in accordance with " terms of sale," whereupon defendant demanded the return of said check, which was refused, and defendant in turn caused payment of said check to be stopped. Plaintiffs claim that although defendant did not hear terms of sale read, he is nevertheless bound by the terms as read, and having signed the said memoranda he is liable for the purchase price according to the sale, and plaintiffs further allege their willingness and readiness to deliver deed as per " terms of sale," and accordingly demand specific performance on the part of the defendant, who refuses to accept a deed subject to restrictions. Defendant also urges the insufficiency of the memoranda to satisfy the Statute of Frauds on the ground that said memoranda were not signed by the vendor or his agent, the said memoranda being only signed by the

defendant. One of the memoranda, of which the other is a prototype, differing only in the amounts stated and lot numbers, involved in this case, reads as follows: " Lawrence, N. Y., August 9, 1919. Joseph P. Day, Real Estate Auctioneer, 31 Nassau Street. No. 1439. I have this day bought at public auction through Joseph P. Day, auctioneer, property known by Lot Nos. ——, at Lawrence, price per lot, $575; total, $11,735.75; and I hereby agree to comply with the terms and conditions of sale as announced at the beginning of this sale, and in addition to pay the auctioneer's fee of $25 for each parcel bought. Auctioneer's fee, $25; purchaser, Samuel L. Golden; address, 118 Duane street, N. Y. City." The terms and conditions referred to in above memorandum contained, among other things, the following: " It is further understood and agreed that the property offered for sale will be sold subject to following covenants and restrictions, which are to be contained in said deeds and to be real covenants running with the land and binding upon the purchaser, his heirs, executors, administrators, successors, assigns and grantees, except, however, it is mutually understood and agreed that such covenants and restrictions, or any of them, may be altered or annulled at any time by written agreement between the sellers, their heirs, executors, administrators and the owner for the time being of the premises upon which it is agreed to alter or annul such covenants and restrictions, and such agreement shall be effectual to alter or annul said covenants and restrictions as to such premises without the consent of the owner or the owners of any adjacent premises. Nothing herein contained shall be construed, nor shall there be any obligation upon the sellers or their heirs, executors or administrators to restrict in any manner any lots of the plots not sold

now offered for sale or any other lots now or hereafter owned by the sellers.'' It seems the settled law that a sale of land at auction is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire, and where a person bids in at auction lands subject to unusual and unreasonable restrictions he must be given both time and opportunity to ascertain what the nature of the restrictions is. This is so, even though the bidder is advised before he signed a memorandum of sale that there were restrictions as to buildings. This case, it seems to me, is controlled by the decision in *Sohns* v. *Beavis,* 200 N. Y. 268, where the restrictions contained language as to annulling and modifying them practically identical with that above quoted, and the court in that case said the restrictions were '' not usual, mutual, uniform or reasonable,'' and compelled the owners to return to the purchaser the amount paid by him on account at the time of the auction sale. Here, as in that case, the purchaser was entitled to a reasonable opportunity to ascertain the nature of the restrictions. Having acted promptly in rejecting the unreasonable restrictions offered, he brought himself within the rule of that case. It seems to me, in view of the decision in that case, the defendant cannot be compelled to complete his purchase. Having decided this case on the authority of *Sohns* v. *Beavis, supra,* it is unnecessary to consider the defense of the Statute of Frauds.

Judgment for the defendant, without costs.